# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND



CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

August 31, 2018

**VIA ELECTRONIC FILING**

Francis J. Martorana
O'Donoghue and O'Donoghue LLP
5301 Wisconsin Avenue NW
Suite 800
Washington, DC 20015

Rebecca Walsh Richardson
O'Donoghue and O'Donoghue LLP
5301 Wisconsin Avenue NW
Suite 800
Washington, DC 20015

Re:     Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area
        Pension Fund et al. v. Williams & Son Mechanical & Construction LLC
        Civil Action No.:  TDC-17-2813

Dear Counsel:

        A copy of the "Report and Recommendations" rendered in the above-captioned case is attached.  Any objections you wish to make thereto must be made **in writing and within 14 days** pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

        After the time for filing written objections has expired, Judge Theodore D. Chuang will review the "Report and Recommendations" regardless of whether you have filed written objections to it.  If you should fail to file written objections within the time set forth above (or within the time of any extension specifically granted by the Court) and Judge Chuang subsequently adopts the Report and Recommendations, you will have lost your right to appeal the findings and conclusions set forth therein to the United States Court of Appeals for the Fourth Circuit, except upon grounds of plain error.

                                                Very truly yours,

                                                _____/s/_____
                                                Gina L. Simms
                                                United States Magistrate Judge

Attachment

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 100, WASHINGTON, D.C. AREA PENSION FUND, et al., | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | Civil Action No. TDC-17-2813 |
| | * | |
| WILLIAMS & SON MECHANICAL & CONSTRUCTION, LLC, | * | |
| | * | |
| **Defendant.** | * | |

**\*\*\*\*\***

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiffs' "Motion for Entry of Default Judgment" ("Motion for Default Judgment") (ECF No. 10) and Plaintiffs' "Supplemental Memorandum in Support of Plaintiffs' Motion for Default Judgment" (ECF No. 13).

Pursuant to 28 U.S.C. § 636, and Local Rule 301, the Honorable Theodore Chuang referred this matter to me on February 20, 2018 for the making of a Report and Recommendation concerning default judgment and/or damages. (ECF No. 11). For the reasons stated herein, I recommend the Court enter judgment in favor of Plaintiff in the following amounts: (1) $16,346.32 in contributions to the Benefit Fund Plaintiffs; (2) $4,595.86 in liquidated damages; (3) $1,185.63 in interest; (4) $1,944.28 in dues and assessments; (5) $490.00 in costs; and (6) $6,466.75 in attorney's fees. The total amount to be awarded to Plaintiffs is $31,027.84.

## I.     Factual and Procedural Background

Plaintiffs are the "Board of Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Pension Fund," "Board of Trustees of the Sheet Metal Workers' Local Union No. 100 Washington, D.C. Area Apprenticeship Trust Fund," "Board of Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Vacation Fund," "Board of Trustees of the Sheet Metal Workers' Local Union No. 100 401(k) Fund," "Board of Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Recruitment Fund," "Board of Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Health Benefit Fund," and "International Association of Sheet Metal, Air, Rail and Transportation Workers, Local Union No. 100" (collectively, "Plaintiffs").  (ECF No. 1 at 2–5).

On September 21, 2017, Plaintiffs filed their three-count complaint, alleging that, pursuant to 29 U.S.C. § 1132 ("ERISA"),  Plaintiffs can collect contributions due to employee benefit plans under the terms of a collective bargaining agreement, a participation agreement, and a trust agreement by Defendant Williams & Son Mechanical & Construction LLC ("Defendant").  (ECF No. 1).  Plaintiffs also alleged that they had a contractual right to audit Defendant's records.  *Id.*  Service upon Defendant occurred on October 26, 2017.  (ECF No. 5). On January 23, 2018, the Clerk of the Court made an entry of default as a result of Defendant's failure to file an answer or other defense.  (ECF No. 8).  Plaintiffs filed their Motion for Default Judgment on February 7, 2018 (ECF No. 10), which was then supplemented per this Court's May 10, 2018 order (ECF No. 11) on May 24, 2018 (ECF No. 13).

In Counts One and Three of the Complaint, Plaintiffs assert that Defendant, at all relevant times, was bound by and signatory to a collective bargaining agreement that obligated it to:  (1) pay to Plaintiffs certain sums of money for each hour worked by employees of Defendant

performing work covered by the agreement; and (2) provide a monthly remittance report to show the hours worked by all covered employees and all monies owed to Plaintiff for the work performed by its covered employees. (ECF No. 1 at ¶¶ 14–17). In addition, Plaintiffs claim that Defendant, at all relevant times, was bound by and signatory to a participation agreement that obligated it to pay contributions to Plaintiffs on behalf of Defendant's owner. (*Id.* at ¶¶ 18–19). By virtue of its being bound to these two agreements, Plaintiffs also assert that Defendant is bound by the Agreements and Declarations of Trust. (*Id.* at ¶ 23).

In May and June of 2017, Plaintiffs aver that Defendant "failed to submit . . . reports and contributions for the work performed." (ECF No. 10-1 at 4). Although Defendant allegedly remitted all but $100 owed under the participation agreement in May 2017, Plaintiffs contend that Defendant failed to remit any contributions under the collective bargaining agreement, and it did not submit a remittance report. *Id.* Furthermore, in June 2017, Plaintiffs claim that Defendant failed to remit any contributions under any agreement and did not submit a remittance report. *Id.* In total, Plaintiffs initially calculated $16,855.95 in owed contributions from Defendant. *Id.* at 4–5. Plaintiffs subsequently corrected this number, which was wrong due to illegibility of the workers' pay stubs, to $16,346.32. (ECF No. 13 at 5).

Because Defendant did not pay these contributions, Plaintiff asserts that under Section 502(g)(2)(B) of ERISA, Defendant owes interest in the amount determined by the rate provided by the plan, which is 12%. (ECF No. 10-1 at 5) (citing Mele Decl. ¶ 12). In addition, because Defendant untimely paid the April 2017 amount due, Plaintiffs assert that Defendant owes interest for April 2017. *Id.* In total, Plaintiffs initially asked for $1,184.52 in interest. *Id.* Subsequently, Plaintiffs corrected this number to $1,185.63 (in light of the adjusted amount owed in contributions). (ECF No. 13 at 7).

Plaintiffs also seek liquidated damages, union dues and assessments, and attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2) and pursuant to the collective bargaining agreement. (ECF No. 10-1 at 6). These requests total $13,496.89 broken down as follows: $4,595.86 in liquidated damages; $1,944.28 in dues and assessments; $490.00 in costs, and $6,466.75 in attorney's fees. (ECF No. 13 at 5–10).

In Count Two of the Complaint, Plaintiffs aver that they are entitled to an audit of Defendant's payroll and related records as part of the collective bargaining agreement and trust agreements. (ECF No. 10-1 at 7). Plaintiffs claim that after Defendant complies with an audit, Plaintiffs "will have the information required to demand payment for amounts owed, if any, in addition to the amounts . . . in this request." *Id.*

In support of their claims, Plaintiffs initially attached the collective bargaining agreement, participation agreement, trust agreement, declarations, payroll records for certain employees, and a chart summary of the requested relief. *Id.* at Exs. A–E. In their supplemental submission, Plaintiffs also submit supplemental declarations, a rate sheet depicting the hourly contribution rates for the relevant time period, charts demonstrating the calculations for the total amounts requested, and documentation in support of attorney's fees and costs in accordance with Appendix B of the Local Rules. (ECF No. 13 at Exs. A–F of Mele Decl., A–B of Martorana Decl.).

## II.     Standard of Review

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If, after entry of default, the Plaintiff's complaint does not specify a "sum

certain" amount of damages, the Court may enter a default judgment against the Defendant pursuant to Rule 55(b)(2).

In considering a motion for default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). However, "liability is not deemed established simply because of the default . . . and the Court, in its discretion, may require some proof of the facts that must be established in order to determine liability." *Id.* The Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but finds that default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the Plaintiff establishes liability, the Court then turns to the determination of damages. *See Ryan*, 253 F.3d at 780–81. The Court must make an independent determination regarding damages and cannot accept as true factual allegations. *See Lawbaugh*, 359 F. Supp. 2d at 422. Rule 54(c) of the Federal Rules of Civil Procedure limits the type and amount of damages that may be entered as a result of a party's default, stating that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While the Court may conduct an evidentiary hearing to determine damages, it is not required to do so. *See, e.g.*, *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against Defendant because Plaintiff submitted affidavits and printouts of electronic records establishing

the amount of damages it sought); *DirecTV, Inc. v. Yancey*, No. Civ. A. 404CV00011, 2005 WL 3435030, at \*2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because Plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"). The Court may rely instead on affidavits or documentary evidence of record to determine the appropriate sum. *See Monge*, 751 F. Supp. 2d at 794–95.

The ERISA statute also permits recovery of "reasonable attorney's fee and costs of action to either party" at the court's discretion. 28 U.S.C. § 1132(g)(2). The Fourth Circuit has held that a district court should consider five factors in determining whether to award attorney's fees in an ERISA case: (1) the degree of opposing parties' culpability or bad faith; (2) the ability of opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *See Reinking v. Philadelphia Am. Life Ins. Co.*, 910 F.2d 1210, 1217–18 (4th Cir. 1990).

In general, the Fourth Circuit has held that a district court should follow a three-step process to determine whether an attorney's fee request is reasonable: (1) calculate the lodestar, "the number of reasonable hours expended times a reasonable rate" by applying the 12 *Johnson* factors; (2) subtract fees for hours spent on unsuccessful claims unrelated to successful ones; and (3) award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff. *Randolph v. Powercomm Construction, Inc.*, 715 Fed. App'x 227, 230 (4th Cir. 2017).

**III.     Discussion**

*A. Liability*

Given that Defendant has failed to plead or otherwise assert a defense, the Court deems all of

Plaintiffs' factual allegations in the Complaint not pertaining to damages admitted.  Fed. R. Civ.

P. 8(b)(6); *Ryan*, 253 F.3d at 780.  It is within the Court's discretion to grant default judgment

when a Defendant is unresponsive.  *See* Fed. R. Civ. P. 55(a)–(b); *see also*, *Park Co. v.*

*Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the

Defendant lost its summons and did not respond within the proper period); *Disney Enters. v.*

*Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (holding that entry of default judgment was

proper because Defendant had been properly served with a complaint and did not respond, even

after Plaintiffs tried repeatedly to contact him); *see also*, *Lawbaugh*, 359 F. Supp. 2d 418, 422

(D. Md. 2005) (concluding that default judgment was appropriate because Defendant was

"unresponsive for more than a year" after denial of his motion to dismiss, even though he was

properly served with Plaintiff's motions for entry of default and default judgment).

For the reasons stated below, it is my recommendation that Plaintiffs are entitled to

default judgment.  On August 7, 2018, I issued an order (ECF No. 14) asking the Clerk to mail

via First Class Mail Plaintiff's supplemental submission (ECF No. 13) to Defendant to provide

one final opportunity for Defendant to respond to Plaintiffs' pleadings.  The order gave

Defendant until August 31, 2018.  (ECF No. 14 at 2).  To date, Defendant has not responded.

Indeed, Defendant has not been responsive since returning the summons nearly a year ago on

October 30, 2017.  (ECF No. 5).  Plaintiff is therefore entitled to default judgment.

*B. Damages*

In determining damages, I find that no evidentiary hearing is necessary and instead relied

upon the affidavits and other evidence of record to determine the appropriate sum.  The record

supports the conclusion that Plaintiffs have followed all the protocols required by the written

instruments.  In their supplemental submission, Plaintiffs showed their work and explained how

the number of hours worked results in the amount that Plaintiffs claim Defendant owes in

contributions.  For instance, Plaintiffs provided the rate chart for both journeymen and

classified/specialty workers, which is broken down into the amount per hour that Defendant

contributed to each of the Funds. *See* ECF No. 13-1 at Ex. A.  Plaintiffs then added the number

of hours reflected in the pay stubs submitted as Exhibit C in the Motion for Default Judgment

(ECF No. 10-2) to get the total number of hours worked, which is finally multiplied by the rate

from the rate chart.  All of these calculations are reflected in charts appended as exhibits to the

supplemental submission.  (ECF No. 13).  I also reviewed the calculations, and I find that they

are accurate representations of what is owed to Plaintiffs.

For their requested attorney's fees and costs, Plaintiffs submitted a breakdown of the

attorney hours worked, divided by phase of litigation in accordance with the Local Rules.  (L.R.

109.2(b); ECF No. 13-2, Ex. B).  First, using the *Reinking* factors for ERISA cases, I determined

that an attorney's fees award is appropriate here.  Defendant is culpable and there is some

evidence of bad faith, as Defendant has not appeared in this case, nor has it repaid Plaintiffs. *See,*

*e.g.*, *Essex v. Randall*, No. 2003-3276, 2005 WL 600335, at *9 (D. Md. Mar. 15, 2005).  There is

no evidence before the Court as to whether Defendant can pay the attorney's fees.  An award of

attorney's fees here would serve as a deterrent for other parties who hope, in bad faith, to evade

payment under similar agreements.  I find that Plaintiffs seek to benefit all participants and

beneficiaries of the Funds.  Finally, because I find Defendant liable under the agreements,

Plaintiffs' position has more merit.  Therefore, the Court shall award to Plaintiffs a reasonable

attorney's fee award.

Second, to determine whether the requested attorney's fee award is reasonable in

accordance with *Randolph*, I calculated the "lodestar" by multiplying the number of hours

worked—here, 22.75—by the attorney and paralegal rates.  Although Plaintiffs did not submit a

list of their requested rates, the billing records reflect that the two attorneys, Mr. Martorana and

Ms. Richardson, charged $289 per hour and that the paralegal charged $145 per hour.  *See id.*

The rates for the attorneys and the paralegal fall within the guidelines in Appendix B of the

Local Rules for attorneys of Mr. Martorana and Ms. Richardson's experience and for paralegals.

Further, the attorneys worked a total of 22.75 hours, which I find to be reasonable for this case.

Of the 12 *Johnson* factors, the "time and labor required" is the most pertinent here.  In the instant

case the Defendant was nonresponsive throughout, so the only pleadings filed were the

complaint and the motion for default judgment, along with the accompanying materials.

Reviewing the billing records, it is clear that Plaintiffs used good billing judgment throughout

the duration of the case, avoiding double billing and spending a reasonable amount of time on

each task. *See id.*

Because I recommend that the Court enter default judgment in favor of Plaintiffs due to

Defendant's lack of response, steps two and three of the *Randolph* analysis warrant a full award

for Plaintiffs. *See Randolph*, 715 Fed. App'x at 230 (explaining that steps two and three evaluate

the attorney's fee award in light of a plaintiff's success).  I recommend that the Court not adjust

the requested amount downward for any lack of success because default judgment is appropriate.

*C. Bill of Costs*

In support of their request for $490 in costs, Plaintiffs attached to their Supplemental Memorandum a bill for $90.00 in service process fees, and also stated in their accompanying declaration that the remaining $400 represents this Court's filing fee. (ECF No. 13-2, ¶ 1; Ex. A). This Court's Guidelines for Bills of Costs requires that Bills of Costs be filed via CM/ECF and with the Clerk's Office. This was not done in this case. I recommend that the Court require Plaintiffs to file the appropriate Bill of Costs form (A0 133) and their supporting documentation with the Clerk's Office. On the merits, I find that the filing fee for a civil action in this Court is taxable, and the $90 service fee is also a taxable cost. *See* 28 U.S.C. § 1920(1); *see also* United States District Court for the District of Maryland Guidelines for Bills of Costs (3d. ed. 2013), Part II.B.a., Part C.b. Plaintiffs should therefore receive a total of $490 in costs.[1]

## IV.    Conclusion

Based on the foregoing, it is my recommendation that the Court grant Plaintiffs' motion for judgment against Defendant Williams & Son Mechanical & Construction, LLC in the following amounts: (1) $16,346.32 in contributions to the Benefit Fund Plaintiffs; (2) $4,595.86 in liquidated damages; (3) $1,184.63 in interest; (4) $1,944.28 in dues and assessments; (5) $490.00 in costs; and (6) $6,466.75 in attorney's fees. The total amount to be awarded to Plaintiffs is $31,027.84.


Date:  August 31, 2018                                      /s/
                                                 Gina L. Simms
                                                 United States Magistrate Judge

---

[1] Due to Defendant's lack of response, the Court does not think that an order to audit Defendant's records will be effective. Plaintiffs can, in any case, only recover an amount not in excess of what is demanded in their pleadings. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").